Argued September 10, 1973, reversed and remanded March 7,
petition for rehearing denied April 9, 1974

RICE ET UX, *Respondents, v.* McALISTER,
*Appellant.*

519 P2d 1263

*Grant V. Mumpower,* Oregon City, argued the cause for appellant. With him on the brief was Ronald D. Thom, Oregon City.

*James C. Tait,* Oregon City, argued the cause for respondents. On the brief were Donald B. Bowerman, and Hibbard, Caldwell, Canning, Bowerman & Schultz, Oregon City. Also on the brief were James E. Redman, and Redman & Carskadon, Milwaukie; and Gerald R. Pullen, Portland.

HOWELL, J.

This is an action for fraud. The trial court, sitting without a jury, entered findings and a judgment for plaintiffs for general and punitive damages, and defendant McAlister appeals.[1]

The genesis of this action occurred prior to February, 1969, when the plaintiffs engaged the Kimberly-Jay Corporation to construct a residence for them in Gladstone. The defendant McAlister was president of the corporation. Plaintiffs were dissatisfied with Kimberly-Jay Corporation's performance and filed an action against the corporation and three of its officers, including McAlister, as individual defendants. When the case came on for trial on February 25, 1969, the court sustained a demurrer filed by the individual defendants, and as a result thereof they were removed from the case, leaving Kimberly-Jay Corporation as the sole defendant. Immediately after the court sustained the demurrer, the plaintiffs and defendant McAlister, as president of Kimberly-Jay Corporation,

---

[1] The complaint also included Kimberly-Jay Corporation as an additional defendant, but apparently the corporation was not served and it is not a party to this action.

began negotiating a settlement, which constituted the basis for this action for fraud.

As a result of the settlement negotiations, the parties agreed that a consent judgment in the amount of $5,000 plus costs would be entered against Kimberly-Jay Corporation.

The judgment was uncollectible, and plaintiffs filed this action for fraud. Plaintiffs allege that, during the settlement negotiations which resulted in the consent judgment, defendant McAlister represented that Kimberly-Jay Corporation had an interest in a parcel of land in Clackamas County, that the land was in the process of being sold, that Kimberly-Jay Corporation's interest was valued at $5,000 or more, and that McAlister "would see to it that the aforesaid judgment was satisfied out of the proceeds thereof."

Plaintiffs alleged that the allegations were false primarily because Kimberly-Jay Corporation did not have an interest in the land as represented.

The evidence disclosed that prior to the settlement Kimberly-Jay Corporation was the contract purchaser of 16 acres of land called the Kronberg property. On December 3, 1968, two months before the settlement, McAlister, acting for the Kimberly-Jay Corporation, had signed an earnest money agreement to sell the Kronberg property for $200,000. However, after the settlement and because of threats of foreclosure by Kronberg for failure to pay the unpaid balance of $78,000, plus taxes and interest, Kimberly-Jay Corporation reconveyed its interest in the property to Kronberg.[2]

---

[2] Later Kronberg entered into a contract to sell the property to a Bob Farris who entered into a nebulous agreement to sell to McAlister. However, Farris also defaulted on the purchase from Kronberg, and apparently title to the property is still in Kronberg.

There was also evidence that the Kimberly-Jay Corporation had been involuntarily dissolved by the corporation commissioner approximately two months prior to the settlement. However, and as the trial court found, there was no evidence that McAlister knew of the dissolution at the time of settlement.

The issue presented to this court is whether there is any substantial evidence to support the trial court's findings in favor of plaintiffs.

■ The elements necessary to establish an action for fraud are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury. *Conzelmann v. N.W.P. & D. Prod. Co.,* 190 Or 332, 225 P2d 757 (1950).

■ Assuming that plaintiffs have established all the other elements necessary to maintain an action for fraud, their action must fail because they have not established any injury or damages.

Plaintiffs alleged their damages as follows:

"By reason of the aforesaid fraudulent, false and untrue representations and concealment of facts, plaintiffs have no source from which to collect the consent judgment and as a result thereof have suffered damage in the sum of $5,000 * * *."

The only asset held by the Kimberly-Jay Corporation at the time of the settlement was its vendee's interest in the Kronberg property. Thus, no matter

how a judgment was obtained against the corporation —consent or otherwise—it would have been of value only if the corporation had received some returns from the reconveyance to the vendor Kronberg. However, when the land was ultimately conveyed back to Kronberg in lieu of foreclosure, Kimberly-Jay Corporation salvaged nothing. Moreover, the record is devoid of any evidence of any collusion between Kimberly-Jay Corporation and Kronberg in the reconveyance in lieu of foreclosure.

We are unable to see how the plaintiffs were harmed by this sequence of events. If, instead of settling the original case, plaintiffs had proceeded and secured a judgment against Kimberly-Jay Corporation, that judgment would have remained unsatisfied because the corporation had no assets. Under these circumstances plaintiffs would be in exactly the same situation as they are now—the holders of an unsatisfied judgment.

Reversed and remanded with directions to enter a judgment for defendant.