Argued March 9, affirmed April 19, petition for rehearing denied May 24, 1977

HUSZAR, *Appellant,*
*v.*
CERTIFIED REALTY COMPANY et al, *Respondents.*
(TC 394-834, SC 24473)
562 P2d 1184

Donald C. Walker, Portland, argued the cause and filed the brief for appellant.

J. Robert Jordon, Portland, argued the cause for respondent Certified Realty Company. Gordon H.

Price, Molalla, argued the cause for respondents Krupicka. Both counsel filed a joint brief.

Before Denecke, Chief Justice, and Tongue, Howell and Lent, Justices.

TONGUE, J.

**TONGUE, J.**

This is an action for fraud and conversion by which the purchaser of land seeks to recover $5,000 paid by him as a down payment and declared by the defendants to have been forfeited under the terms of the earnest money contract upon his failure to pay an additional $5,000 due upon closing of the transaction.

This is the third time that this case has been before this court. *See* 266 Or 614, 512 P2d 982 (1973) ("Huszar I"), and 272 Or 517, 538 P2d 57 (1975) ("Huszar II").

In Huszar I we held that the trial court properly allowed the motion for directed verdict by defendants Krupicka, the sellers, for failure of plaintiff to prove sufficient facts to entitle him to recover for "money had and received." Defendant Certified Realty Company ("Certified"), the realtor, had been previously granted an involuntary nonsuit in that case.

Plaintiff then filed a second complaint against both defendants for fraud and conversion. Defendant Certified filed a demurrer on the ground that the decision in Huszar I was a bar to the second action against it. The court sustained that demurrer and plaintiff again appealed. We reversed, holding that the decision in Huszar I was not a bar in an action against Certified because of new and additional allegations of fraud and conversion in the conduct of its functions as a realtor. (*See* 272 Or at 524 (Huszar II).)

That case was then tried before a jury against both defendant Certified and defendants Krupicka. At the conclusion of plaintiff's testimony both defendants moved for directed verdicts. Those motions were allowed by the trial court. Plaintiff appeals. We affirm.

The facts of this case have been previously stated in Huszar I (266 Or at 616), except for some additional facts as subsequently mentioned. It is obvious that in reversing the trial court in Huszar II for sustaining the demurrer of defendant Certified we intended that

[ 31 ]

plaintiff have an opportunity on trial to establish its allegations of fraud and conversion against defendant Certified. We did not intend, in the event that plaintiff offered evidence to prove such allegations, that defendant Certified be granted a directed verdict upon the ground that Huszar I was a bar to recovery against Certified.

Upon examining the record, however, we find that plaintiff failed to offer evidence sufficient to establish a prima facie case to sustain its allegations of either fraud or conversion. As to fraud, plaintiff's primary contention is that the letter to him by defendant Certified dated September 9, 1971, stating that "this office has been prepared to close this transaction" and that plaintiff's previous down payment of $5,000 would be forfeited unless plaintiff paid an additional $4,835.50 within 10 days, was false and fraudulent in that defendants were not then "prepared to close the transaction" because of encumbrances on the property consisting of a $5,200 mortgage and because of what plaintiff describes as "potential back taxes."

In order to prove fraud, however, a plaintiff must offer evidence not only that this representation was false, but that it was made with knowledge that it was false or was made recklessly without any knowledge of its truth, i.e., the necessary element of scienter, among other required elements of fraud. *See Amort v. Tupper,* 204 Or 279, 286, 282 P2d 660 (1955). *Cf. Rice v. McAlister,* 268 Or 125, 128, 519 P2d 1263 (1974). The property in this case was being sold under a land sales contract and these encumbrances appeared in a preliminary title report dated July 14, 1971. As stated in Huszar I (266 Or at 616 and 622), the earnest money agreement in this case provided that the seller was to have "thirty days after notice containing a written statement of defects" in which to make the title "insurable or marketable." Plaintiff made no contention at that time that the title was not insurable or marketable or could not be made so within 30 days. Indeed, no such notice of defects was given by plaintiff

until long after the down payment had been forfeited. In addition, the contract also provided that "[e]ncumbrances to be discharged by seller may be paid at his option out of purchase money at date of closing."

■ In view of these contract provisions and this evidence and in the absence of any affirmative evidence offered by plaintiff to the contrary, we hold that plaintiff failed to offer evidence sufficient to make a prima facie case on the necessary element of scienter in an action for fraud. In other words, when the letter of September 9, 1971 was written defendant Certified could well have believed in good faith that it was "prepared to close this transaction," despite the existence of these encumbrances.

■ The same is true, in our opinion, with respect to plaintiff's contentions that defendant Certified was not "prepared to close this transaction" at the time of that letter because no contract of sale had been tendered by defendants Krupicka and because no escrow had been established, as provided by the earnest money agreement. The preparation of a contract of sale and the establishment of an escrow for closing the transaction were both matters that could have been accomplished in a short time. In any event, there was no evidence that because of any such deficiencies defendant Certified did not believe in good faith that it was "prepared to close this transaction" at the time of that letter to plaintiff.[1]

As for plaintiff's contention that defendant Certified was guilty of a "conversion" of the $5,000 down

---

[1] Also, there was no evidence that plaintiff relied upon any such representations to his damage. In addition, he never demanded a contract of sale during the 10-day period allowed by the letter of September 9, 1971. He also admitted that he understood that the transaction was to be closed at the office of Certified, according to what he was told by its employees.

We have not overlooked plaintiff's contention that the letter of September 9th was premature because possession was not to be given until November 1st. The earnest money contract did not provide a specific date for closing. A seller, however, may in good faith desire the closing of a real estate transaction well in advance of the date for giving possession.

[ 33 ]

payment, plaintiff's complaint alleges, as the basis for such a contention:

"[t]hat *under ORS 696.240* [now replaced by ORS 696.241], *the funds received by the defendant broker must be deposited in a neutral escrow depository or hold such funds in effect as escrow agent for both parties.* * * *

"That the defendant broker violated the trust imposed by the earnest money agreement and that without authority from the plaintiff, the defendant broker converted the $5,000 earnest money to his own use and plaintiff was damaged thereby." (Emphasis added)

ORS 696.240 provided:

"Disposition of funds received by brokers. Every person, partnership or corporation licensed as a real estate broker, who does not immediately place all funds entrusted to him in his capacity as a real estate broker by his principal or others in a neutral escrow depository in this state, *shall maintain a trust fund account* with some bank or recognized depository located in this state and place all such entrusted funds therein upon receipt. * * *"[2] (Emphasis added)

■ Plaintiff appears to concede that defendant Certified deposited the $5,000 in a trust fund account, where it is still held. Thus, there has been no violation of the statute. The only other way that plaintiff could have established a conversion was by showing that the forfeiture of the down payment was improper.

■ That issue was fully and fairly litigated and decided in Huszar I, in our best judgment. Defendant Certified was not a party defendant at the time of that decision (having been granted an involuntary nonsuit) but was a party defendant at the time of trial. Regardless of that fact, however, it is entitled to the benefit of the rule of collateral estoppel against plaintiff on that issue. *See Bahler v. Fletcher,* 257 Or 1, 20, 474 P2d 329 (1970); and *State Farm v. Century*

---

[2] ORS 696.241, which has replaced ORS 696.240, also provides that real estate brokers must maintain "a trust account in which all down payments, earnest money payments * * * shall be deposited * * *."

*Homes,* 275 Or 97, 104-05, 550 P2d 1185 (1976).[3] In any event, in Huszar II we held only that plaintiff was still entitled to proceed against defendant Certified on the basis of the new and additional allegations of his second complaint, alleging fraud and also alleging conversion by violation of ORS 696.240 (now replaced by ORS 696.241). As previously held, plaintiff failed to prove those allegations. Accordingly, the trial court did not err in allowing the motion for directed verdict by defendant Certified.

■ It also follows, in our opinion, that the trial court did not err in allowing the motion of defendants Krupicka for directed verdict on the ground of res judicata. Upon plaintiff's failure to establish either fraud or conversion by violation of ORS 696.240 against defendant Certified, as the agent of the seller, it follows that plaintiff's case against defendants Krupicka, as the seller and the principal, must also fail. *Cf. Western Baptist Mission v. Griggs,* 248 Or 204, 209, 433 P2d 252 (1967).[4]

■ Finally, plaintiff assigns as error the award by the trial court of $2,000 in attorney fees to defendants Krupicka. Because the contract expressly provided that in the event of litigation the prevailing party was entitled to reasonable attorney fees and because

---

[3] Plaintiff contends that in Huszar I (266 Or 614, 512 P2d 982 (1973)) this court held only that plaintiff had failed to offer sufficient evidence to establish the fact that the forfeiture was improper. Assuming this to be true, plaintiff offered no other or additional evidence in this case to show that the forfeiture was improper. Although plaintiff filed an amended complaint alleging fraud and conversion by violation of ORS 696.240, it failed to offer evidence sufficient to make a prima facie case to prove that allegation.

[4] We have not overlooked plaintiff's allegation that there was fraud "in obtaining" the judgment in favor of defendants Krupicka in Huszar I, including plaintiff's contention that at the time of Huszar I defendants Krupicka disclaimed any interest in the down payment of $5,000, whereas they later claimed $800 of that down payment, i.e., the amount remaining after payment of the realtor's commission of $4,200. In Huszar I (266 Or at 624), we held, however, that there was "no such disclaimer of 'interest' by the Krupickas in that payment so as to provide a basis for plaintiff's contention that it must be returned to him." At the most, defendants Krupicka disclaimed an interest in $4,200 of that fund.

defendants Krupicka are prevailing parties, the trial court did not err in that allowance.

Throughout plaintiff's briefs, emphasis is laid upon the unfairness and inequity of allowing defendants to declare a forfeiture of plaintiff's down payment of $5,000. We are understanding of plaintiff's predicament, since it appears, among other things, that shortly after signing the earnest money agreement he was divorced by his wife, and his oldest son, who was to "put up" the second payment of $5,000, withdrew from the transaction.

■ Unfortunately for plaintiff, the contract signed by him included a provision to the effect that if plaintiff neglected or refused to make that payment, the previous payment of $5,000 "shall be forfeited to seller as liquidated damages." No contention was made in this case that under these facts that contract provision was invalid or unenforceable as a provision for an improper penalty, rather than as a proper provision for liquidated damages. *Cf. Chaffin v. Ramsey,* 276 Or 429, 555 P2d 459 (1976); and *Layton Manufacturing v. Dulien Steel,* 277 Or 343, 560 P2d 1058 (decided February 25, 1977).

For all of these reasons, the judgment of the trial court is affirmed.