# BLAKE,
*Respondent,*

. *v.*

# HAGGARD,
*Appellant.*

(No. A7806-10058, CA 15220)

610 P2d 1235

CJS, Motor Vehicles § 322.

Thomas Sauberli, Portland, argued the cause for appellant. With him on the briefs was Vergeer, Roehr & Sweek, Portland.

Charles S. Tauman, Portland, argued the cause for respondent. With him on the brief was Willner, Bennett, Bobbitt & Hartman, Portland.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

Plaintiff brought an action for personal injuries arising out of an automobile collision in the city of Portland. The jury awarded a verdict to plaintiff. Judgment was entered against defendant for $26,000.

Defendant appeals assigning as error the following:

1) Permitting plaintiff to testify over objection regarding her habit of using her automatic turn signals;

2) Granting plaintiff's motion for a directed verdict on defendant's charges of contributory negligence and taking from the jury the questions of whether she maintained a proper lookout and gave a proper signal of her intention to turn left;

3) Granting plaintiff a directed verdict on the issue of liability and instructing the jury that it could only consider the issue of plaintiff's damages.

The essential facts are:

Plaintiff was traveling east on Willamette Boulevard, a two-lane street, but wide enough to allow for limited four-lane traffic if no cars are parked along the curb at the point. Traffic was moderate to heavy. When she arrived at the T intersection (Chautauqua Street) where she intended to make a left turn, she remained stopped for a minute or two because of oncoming traffic. Traffic in the rear of her went around her car on the right while she was stopped. Moments later she was rear-ended by defendant's pickup.

Defendant testified that he was traveling east on Willamette Boulevard at 30 to 35 miles per hour, following another car at a distance of one and a half car lengths. As he neared the scene of the collision he saw the car ahead begin to move to the right. Defendant glanced in his side view mirror and saw another car behind him approaching on the right. When he glanced forward again he saw plaintiff's car two

lengths ahead, too close to stop. He said he did not recall observing any brake lights or turn signal operating on plaintiff's car.

Plaintiff testified that she could not recall whether she had her left turn signal on. Over objection she was allowed to testify that it was her habit to use turn signals and therefore assumed they were on.

Plaintiff pleaded that defendant was negligent in one or more of the following particulars:

"(1) In operating his vehicle at an unreasonable speed.

"(2) In failing to maintain a proper lookout.

"(3) In failing to maintain proper control of his motor vehicle.

"(4) In following plaintiff's vehicle at too close a distance."

Defendant pleaded plaintiff's comparative negligence as an affirmative defense, alleging four specifications of plaintiff's negligence:

"1. In bringing her vehicle to a sudden stop without first seeing that such movement could be made in safety.

"2. In bringing her vehicle to a sudden stop without first giving a proper signal of her intention to do so.

"3. In failing to maintain a proper lookout.

"4. In failing to maintain her vehicle under proper control."

Defendant conceded at trial and in his brief on appeal that there was no evidence to support the first and fourth specifications.

We take up defendant's first assignment regarding plaintiff's testimony that she was in the habit of using turn signals. Under the rule followed in this state, this was improper. *Fenton v. Aleshire,* 238 Or 24, 393 P2d 217 (1964). However, for reasons explained under our discussion of defendant's second assignment, we conclude that this was not reversible error.

Next, defendant assigns as error the trial court's refusal to submit any of defendant's specifications of comparative negligence to the jury, specifically:

"2. In bringing her vehicle to a sudden stop without first giving a proper signal of her intention to do so,"

and

"3. In failing to maintain a proper lookout."

Defendant's second assignment of error is at variance with his actual specifications of comparative negligence. The assignment states as follows:

"The court erred when it granted plaintiff's motion for a directed verdict on the charges of negligence contained in the answer and removed from jury's consideration the questions of whether plaintiff maintained a proper lookout and *gave a proper signal of her intention to make a left turn.*" (Emphasis supplied.)

Comparing the two it readily appears that defendant did not allege that plaintiff was contributorily negligent in failing to give a left turn signal. While defendant argues that the second specification of plaintiff's negligence should be deemed to have been amended to read, "In failing to give a proper signal of her intention to make a left turn," we can find nothing in the record that such an amendment was ever made. Accordingly, defendant cannot predicate error on the refusal of the trial court to submit this issue to the jury nor the admission into evidence of plaintiff's testimony that she was in the habit of using her turn signal in making such turns.

Further, under the evidence presented here, plaintiff was under no duty to maintain a lookout to her rear against the possibility of being rear-ended by defendant's vehicle. The rule in *Valdin v. Holteen and Nordstrom,* 199 Or 134, 260 P2d 504 (1953), relied upon by defendant has no application. *Valdin* involved the duty which is imposed upon a driver pulling out to pass another car to keep a lookout to the rear for automobiles approaching from that direction.

[99]

Defendant's third and final assignment is that the court erred in granting plaintiff a directed verdict on the issue of liability and instructing the jury that it could consider only the issue of plaintiff's damages. Plaintiff bears the burden of producing evidence in support of her allegations that defendant's negligence caused the collision.

Having in mind the rule that on motion for directed verdict defendant is to be given the benefit of every possible favorable inference that can reasonably be drawn from the facts, *Miller v. Harder,* 240 Or 418, 402 P2d 84 (1965), we conclude after reviewing the facts that there was still a jury question as to the cause of this collision. In other words, we cannot say as a matter of law that reasonable minds could not differ on the question of whether defendant was negligent and that her negligence was a cause in fact of this collision.

As our Supreme Court said in *Miller v. Harder, supra:*

"* * * In these rear end collision cases whether or not a statutory rule such as following too closely, the giving of a signal, or speed has been violated in a given case should be left for the jury under proper instruction. This is equally true of the non-statutory duties. These considerations have caused us to reach the conclusion that we should follow the earlier cases cited in the dissenting opinion in the *Lehr* case *[Lehr v. Gresham Berry Growers,* 231 Or 202, 372 P2d 488] and submit these cases to the jury." 240 Or at 421.

Accordingly, we hold that the granting of plaintiff's motion for a directed verdict on the issue of liability and instructing the jury that it could consider only the issue of plaintiff's damages was reversible error.

Reversed and remanded.