Argued and submitted April 22, affirmed July 6,
reconsideration denied August 20,
petition for review denied September 22, 1981 (291 Or 662)

COY et al,
*Appellants,*

*v.*

STARLING et al,
*Respondents.*

(No. A 7901 00002, CA 18322)

630 P2d 1323

Gerald D. Wygant, Portland, argued the cause and filed the brief for appellants.

Robert A. Bennett, Portland, argued the cause for respondents. With him on the brief was Willner, Bennett, Bobbitt & Hartman, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiffs appeal the trial court's order granting defendant's motion for a directed verdict in this action for damages based upon fraud.[1] We review the facts in the light most favorable to the plaintiff, *Blake v. Haggard,* 46 Or App 95, 100, 610 P2d 1235, *rev den* 289 Or 587 (1980), and affirm.

Defendants, who operated a motel in South Dakota, moved to Oregon in February, 1977, after purchasing the Seahorse Motel in Lincoln City the preceding month for $350,000. In July, 1977, defendants decided to sell the motel. They signed a listing agreement in October, 1977, which indicated the amount of various itemized annual expenses and reflected an annual gross income of $125,000. The annual gross income of the prior owner was less than $100,000. Defendants furnished the listing realtor with income and expense records for each month commencing February, 1977, through September, 1977.

The realtor thereafter contacted plaintiffs, with whom he had previously done business, having sold them a seven-plex which they were currently operating. Plaintiffs, having previously been furnished a copy of the listing agreement, expressed an interest and went to Lincoln City to meet defendants and inspect the motel. Defendants asked plaintiffs if they wanted to inspect the motel books and records. Plaintiffs declined the offer and never requested to see the books. Plaintiffs did ask for a copy of the daily rental sheets covering the entire period of defendants' operation of the motel, which were provided to them; however, plaintiffs did not examine the daily rental records.

After their visit to Lincoln City, plaintiffs made an offer to purchase the motel. Defendants made a counteroffer, which was accepted the same day. The purchase price was $463,000. Apparently plaintiffs sought no professional advice before accepting defendants' counter-offer. The sale closed in November, 1977. In December, 1978, plaintiffs

---

[1] ORCP 60 provides:

"Any party may move for a directed verdict at the close of the evidence offered by an opponent or at the close of all the evidence. * * *"

discovered the motel's annual gross income was $110,000 and its annual expenses were $4,000 more than was indicated on the listing agreement. Plaintiffs then brought this action for damages based upon fraud. Plaintiffs did not seek rescission of the contract.

After the plaintiffs rested, the defendants moved for a directed verdict pursuant to ORCP 60. The trial judge allowed the defendants' motion, saying:

> "I'm going to grant the motion for directed verdict upon the basis that under the circumstances the plaintiffs were not justified in relying upon these representations without further inquiry. * * *"

The trial judge made the following "findings":

> "I find that there was, by Mr. Kanis [realtor], as agent for and on behalf of the defendants, certain representations to the plaintiffs. Specifically, a representation that the property produced an annual income of $125,000. And, further, that there were representations concerning the expenses connected with such annual income.
>
> "Next, I find that by the time of the purchase, the plaintiffs were aware of the fact that the $125,000 figure was an estimate or projection; and that the plaintiffs were aware of the possibility that the projected or estimated figure was a guess in at least part.
>
> "Further, that the plaintiffs were aware that the annual expenses were broken down into certain categories, which did not include an item for laundry; but were aware of the fact that there were laundry expenses; and, at least by omission, those expense items were incomplete, or inaccurate, or uncertain.
>
> "I find further that the plaintiffs, while not experienced in the motel business, were, on the other hand, experienced in the purchase and operation of property for income purposes, and were not naive concerning such business matters.
>
> "I further find that the plaintiffs were familiar with the fact that the defendants had books; were, from their own experience, familiar with the likelihood that such books and records would be accurate; were offered an opportunity to inspect those books; and were given an opportunity to make, and indeed did make, some inquiries concerning the information on Plaintiffs' Exhibit No. 1 and concerning the operation of the business.

> "Further, that the plaintiffs are Oregon residents for a substantial length of time, and that there was no evidence introduced from which it could be concluded that they have a specific lack of knowledge concerning the seasonal nature of this sort of property upon the coast concerning the likelihood that motel operations will have seasonal, cyclical or varying incomes and expenses, which could be ascertained by inquiry or by examination of the books."

■ The trial judge described the quoted comments as findings. On a motion for a directed verdict, the trial court cannot base its ruling on its own findings of fact or weighing of the evidence. As we understand the judge's comments, however, they are not findings based upon a weighing of the evidence but rather are a ruling that the jury could not reasonably find for the plaintiffs from the evidence presented. We agree.

In *Webb v. Clark,* 274 Or 387, 391, 546 P2d 1078 (1976), the Supreme Court said:

> "In order to establish actionable fraud, the plaintiff must plead and prove the following elements:
>
> " '(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury.'
>
> "If any one of these elements is not established by clear and convincing evidence, plaintiff's case must fail." [Citations omitted.]

■ Fraud must be proved by clear and convincing evidence. Clear and convincing evidence means that the truth of the facts asserted is highly probable. *Krause v. Eugene Dodge, Inc.,* 265 Or 486, 502, 509 P2d 1199 (1973); *Cook v. Michael,* 214 Or 513, 527, 330 P2d 1026 (1958); *Miller et ux. v. Protrka et ux.,* 193 Or 585, 238 P2d 753 (1952). In order to secure relief on the ground of fraud, the person claiming reliance must have a right to rely upon the representation. Generally speaking, there is a duty on the part of a purchaser to use some measure of protection and precaution to safeguard his interests. *Johnson et ux. v. Cofer,* 204 Or 142, 149-50, 281 P2d 981 (1955); *Hansen v.*

*Holmberg,* 176 Or 173, 184, 156 P2d 571 (1945). In *Baker v. Casey,* 166 Or 433, 112 P2d 1031 (1941), the Supreme Court noted:

> "It is, of course, well settled that a purchaser must use reasonable care for his own protection, and should not rely blindly upon statements made by a seller, and that, between parties dealing at arms' length, where no fiduciary relationship exists and no device or artifice is used to prevent an investigation, it is the general rule that a purchaser must make use of his means of knowledge, and, failing to do so, he cannot recover on the ground that he was misled by the seller." 166 Or at 437.

*Miller et ux. v. Protrka et ux., supra,* is similar to this case. In *Miller* the buyers had no previous motel experience, but had owned an apartment building. The sellers made certain representations about the the motel and its profitability which were not entirely accurate. The buyers declined to examine the motel's records when they were offered. Later the buyers attempted to rescind, claiming fraud. The Supreme Court said:

> "A purchaser must use reasonable care for his own protection and cannot rely blindly on the seller's statements but must make use of his means of knowledge and failing to do so, cannot claim that he was misled." 193 Or at 598.

This was an arm's length transaction. Plaintiffs owned property and were familiar with accounts and bookkeeping. They had sufficient experience in business to know that the motel's financial records should be examined. They declined to examine the books and records which were offered to them by the sellers, and they even failed to review the records provided by the sellers which they themselves had requested. Furthermore, they were aware defendants had not operated the motel for a full year, and plaintiffs therefore knew the representation of annual gross income given by defendants was necessarily an estimate. They knew, or should have known by the exercise of reasonable care, that the expense estimate did not contain data on laundry expenses, even though they were aware there were such expenses.

> "The rule is well settled that mere general commendations of property which are the subjects of sale sometimes called 'trade talk,' 'dealer's talk,' 'seller's statements' or

'puffing,' do not attain the status of fraudulent representations where the parties deal at arm's length, as here * * * such statements usually are regarded as mere expressions of opinion upon which a purchaser cannot safely rely. * * * This is especially true when the prospective buyers have or can obtain equal means of information and are equally qualified to judge certain factors claimed to contribute to the value of the property offered for sale. To such statements the maxim of caveat emptor applies." *Miller et ux v. Protrka et ux, supra,* 193 Or at 596-97.

*See also, Miller v. Noel,* 51 Or App 243, 624 P2d 1105 (1981).

The trial court did not err in granting defendants' motion for a directed verdict on plaintiffs' claims.

Affirmed.