Argued and submitted November 6, 1987, affirmed January 13, 1988

**SMITH,**
*Respondent,*

*v.*

**UNITED STATES ESCROW CORP.,**
*Defendant,*

*and*

**MEYER et al,**
*Appellants.*

(23-430; CA A41544)

748 P2d 168

Steven T. Campbell, Seaside, argued the cause for appellants. With him on the brief was Campbell, Moberg & Canessa, P.C., Seaside.

Michael K. Kelley, Portland, argued the cause for respondent. With him on the brief were Lindsay, Hart, Neil & Weigler, Portland, and Rick T. Haselton, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Rossman, Judges.*

VAN HOOMISSEN, J.

* Rossman, J., *vice* Young, J., deceased.

## VAN HOOMISSEN, J.

This is an action for misrepresentation. Defendants Meyer[1] appeal from a trial court judgment[2] following a jury verdict awarding plaintiff $55,000 in damages. They contend that the trial court erred in denying their motions for directed verdict and in instructing the jury. We affirm.

In 1980, Carl Meyer (Meyer) traded his equity in certain real property in Tillamook County for gem stones and cash. The gems were accompanied by appraisals from Nelson's Jewelry in California. The appraisal sheets stated that Nelson, the owner of Nelson's Jewelry, is a graduate gemologist from the Gemological Institute of America (GIA).

In March, 1982, Meyer and his daughter Doris met with plaintiff and his wife (now deceased) to negotiate a trade of some of the gems for plaintiff's equity in an apartment complex in Tillamook. The Meyers showed plaintiff the appraisals, and Meyer represented that they were authentic. The appraisals valued the gems selected for the transaction at $93,000. During the negotiations, Meyer told plaintiff that a local jeweler had told him that the stones were worth only 45% to 55% of their appraised value. The Meyers offered to trade the gem stones on a ratio of three to two according to the Nelson appraisals, or $62,000, as partial payment for plaintiff's equity in the complex. Neither plaintiff nor the Meyers claimed any expertise with respect to the gems.

Plaintiff signed an earnest money agreement which contained the following language:

> "Subject to Randy Smith approving the gem stones within 10 days from the date of the signature herein."

Randy Smith, plaintiff's nephew, is a jeweler in Hermiston. Plaintiff stated that he would not have signed the agreement without that language, because he wanted to see the gems and to have his nephew appraise them. Plaintiff later called Randy and described the gems and appraisal forms which defendants

---

[1] United States Escrow Corp. is not a party to this appeal.

[2] The judgment is titled "judgment order." That term is a misnomer and should not be used. *See State ex rel Zidell v. Jones,* 301 Or 79, 83 n 3, 720 P2d 350 (1986); *Gibson v. Benj. Franklin Fed. Savings and Loan,* 294 Or 702, 711 n 3, 662 P2d 703 (1983).

had given him. Randy informed him that, if the appraisals stated that they were GIA appraisals, they were sufficient and he did not need to see the stones. Plaintiff never showed Randy the stones. Plaintiff also had the name and address of the original appraiser but never contacted him.

The transaction closed in April, 1982, when plaintiff signed an addendum to the earnest money agreement waiving the contingency that his nephew approve the stones. Plaintiff subsequently tried to sell the stones. He testified at trial that their actual value is only $7,000 and that he had been unable to sell them.

Plaintiff filed a complaint alleging that defendants knew that the stones were worth much less than the $62,000 that they had represented them to be worth and that they knew the appraisals used in inducing plaintiff to sell the property were unreliable. Defendants moved for a directed verdict at the close of plaintiff's case. That motion was denied. Defendants' motion for a directed verdict at the close of all of the evidence also was denied.

The trial court instructed the jury that plaintiff had to prove that defendants intended to mislead him or that they recklessly disregarded whether they were misleading him. It also instructed the jury that plaintiff could prove knowledge "by establishing either the speaker's knowledge of a representation's falsity or proving a speaker's ignorance of that representation's truth."

■ We cannot set aside plaintiff's verdict unless we can affirmatively say that there is no evidence from which the jury could have found the facts necessary to establish plaintiff's claim for misrepresentation. Or Const, Art VII (amended), §3; *Roach v. Mead*, 301 Or 383, 385, 722 P2d 1229 (1986); *Brown v. J. C. Penney Co.*, 297 Or 695, 705, 688 P2d 811 (1984). We view the evidence in the light most favorable to the plaintiff, who is given "the benefit of every reasonable inference supported by the record." *Lawrence v. Underwood*, 81 Or App 533, 535, 726 P2d 1189 (1986). Further, a motion for a directed verdict should be granted only if reasonable persons could draw but one conclusion from the evidence and that conclusion supports the moving parties, here defendants. 81 Or App at 538.

■    To establish a claim for misrepresentation, a plaintiff must plead and prove:

"(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury." *Rice v. McAlister*, 268 Or 125, 128, 519 P2d 1263 (1974).

Plaintiff has the burden of proving the misrepresentation by clear and convincing evidence. *Riley Hill General Contractor v. Tandy Corp.,* 303 Or 390, 407, 737 P2d 595 (1987); *Krause v. Eugene Dodge, Inc.,* 265 Or 486, 502, 509 P2d 1199 (1973); *Coy v. Sterling,* 53 Or App 76, 630 P2d 1323, *rev den* 291 Or 662 (1981). That standard requires that the truth of the facts asserted be highly probable. *Krause v. Eugene Dodge, Inc., supra,* 265 Or at 502.

Defendants contend that the trial court erred in denying their motions for directed verdicts because, as a matter of law, there were insufficient facts to support a right to rely on any statements that they made. They argue that, because plaintiff insisted that his nephew approve the gems, he demonstrated that he did not in fact rely on their statements of value. Further, they argue that, because he did not conduct his own investigation and because he voluntarily waived the approval condition in the earnest money agreement, he cannot now claim a right to rely on their previous statements of value. *Baker v. Casey,* 166 Or 433, 112 P2d 1031 (1941); *Coy v. Sterling, supra.* Plaintiff argues that whether his reliance on the representations was reasonable is a question of fact for the jury. *Kubeck v. Consolidated Underwriters,* 267 Or 548, 555, 517 P2d 1039 (1974); *Gerke v. Burton Enterprises,* 80 Or App 714, 719-20, 723 P2d 1061, *rev den* 302 Or 299 (1986). Further, he argues that he did do some investigation by checking out the authenticity of the appraisal forms with his nephew and that defendants cannot avoid liability by arguing that plaintiff failed to take adequate precautions to avoid their fraud. *See Kubeck v. Consolidated Underwriters, supra,* 267 Or at 555; *Hansen v. Holmberg,* 176 Or 173, 183, 156 P2d 571 (1945); *Williams v. Collins,* 42 Or App 481, 490, 600 P2d 1235, *rev den* 288 Or 173 (1979); *see also U. S. National Bank v.*

*Fought,* 291 Or 201, 209, 630 P2d 337 (1981); *Restatement (Second) Torts* §§ 540, 545A (1976).

■   Plaintiff alleged that he relied on defendants' statements that the gems were worth $62,000. He was also given other information about their value, which included appraisals, about which plaintiff did at least some investigation. He certainly could have done more, and defendants cite authority for the proposition that plaintiff had to take reasonable care to protect his own interests. *See Coy v. Sterling, supra.* The trial court made an initial finding that there was sufficient evidence to go to the jury. On these facts, we cannot say as a matter of law that there was no evidence from which a jury could have found the facts necessary to establish reasonable reliance. Therefore, we cannot say that the trial court erred in denying the motions for directed verdict. *Brown v. J. C. Penney Co., supra,* 297 Or at 705.

■   Defendants next contend that the trial court erred in instructing the jury that plaintiff had to prove that defendants intended to mislead plaintiff or that they recklessly disregarded whether they were misleading plaintiff, and also in instructing the jury that the speaker's knowledge of a statement's falsity can be demonstrated by showing that the speaker knew that it was false or was ignorant of its truth. We disagree. In *Rice v. McAlister, supra,* the Supreme Court stated that one of the elements of fraud or misrepresentation is "the speaker's knowledge of the statement's falsity *or ignorance of its truth.*" 268 Or at 128. (Emphasis supplied.) The requisite intent to mislead has been held to consist of

> "a defendant misrepresenting a material fact for the purpose of misleading the other party or with the knowledge he is misleading the other party or in reckless disregard of the fact he is misleading the other party." *Elizaga v. Kaiser Found. Hospitals,* 259 Or 542, 547, 487 P2d 870 (1971).

The instruction regarding the speaker's knowledge of a representation's falsity was not erroneous. Further, although the trial court's instruction regarding recklessness does not precisely mirror the language of *Elizaga,* it is an accurate statement of the law; it adequately explained what plaintiff was required to prove. We find no error.

Affirmed.