Argued and submitted February 10, reversed on fraud claim, reversed and remanded on counterclaim April 20, reconsideration denied August 5, petition for review denied September 20, 1988 (306 Or 660)

## MASON,
*Respondent,*

*v.*

## MILLER et al,
*Appellants.*

## (CC-86-2067; CA A44696)

752 P2d 1280

E. Richard Bodyfelt, Portland, argued the cause for appellants. With him on the briefs were Philip S. Griffin and Bodyfelt, Mount, Stroup & Chamberlain, Portland.

Heather Reynolds, Astoria, argued the cause and submitted the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

This is an action for fraud. Plaintiff alleged that defendant[1] induced him to sell his fishing vessel by promising to create a fishing partnership which defendant never intended to create. Defendant counterclaimed, contending that plaintiff had converted two fishing nets. Defendant's motion to take the fraud claim from the jury was denied. The jury found for plaintiff on the fraud claim and against defendant on the counterclaim. We reverse on the claim for fraud and reverse and remand on defendant's counterclaim.

Plaintiff owned "Maude & I," a fishing vessel, which he used as collateral for several loans. When plaintiff defaulted on payments to his creditors and was threatened with a foreclosure sale, he consulted Miller, his attorney, regarding the feasibility of filing for Chapter 13 bankruptcy. The parties discussed a business association in which defendant would purchase the vessel at the foreclosure sale in lieu of pursuing the bankruptcy. Defendant purchased the boat at the United States Marshall's sale. Plaintiff repaired the vessel, using defendant's funds. The fishing venture never became profitable. Plaintiff never made any payments for reimbursement of the purchase of the vessel. Defendant later sold it to a third party. The vessel subsequently burned and sank, and defendant received insurance proceeds for the balance due under the contract of sale. Plaintiff contends that he is entitled to share in those proceeds.

On appeal, defendant contends, among other things,[2] that there was insufficient evidence to establish that plaintiff sustained any injury by reason of defendant's alleged fraudulent act. We agree. To prevail in an action for fraud, a plaintiff must plead and prove the following elements:

"(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth;

[1] Miller is the sole owner of the corporate defendant, Sterling Mortgage Company. We refer to them jointly as defendant or Miller.

[2] Our disposition of the first assignment of error makes it unnecessary to reach defendant's second. It is likewise unnecessary to address defendant's fourth assignment, concerning the imposition of a constructive trust, because we have held that plaintiff was entitled to no portion of the fund upon which the trust would be imposed. We do not decide whether the imposition of a trust to secure a fraud judgment is appropriate.

(5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury." *Rice v. McAlister,* 268 Or 125, 128, 519 P2d 1263 (1974).

When a claim of fraud is based on a promise to do something in the future, there must be evidence that, when the promise was made, there was no present intent to perform. *Webb v. Clark,* 274 Or 387, 393 n 2, 546 P2d 1078 (1976). If we assume that plaintiff has established all other requisite elements of fraud, this action must still fail, because there is no evidence of resulting injury or damages.

Defendant testified that the partnership arrangement was subject to three conditions precedent; plaintiff was not to become a partner until (1) the boat became profitable as part of a commercial fishing venture, (2) he had repaid one-half of the purchase price of the vessel with interest to defendant and (3) plaintiff elected to become a partner. Plaintiff testified that his understanding of the partnership agreement was contained in a memorandum, written at his direction by a friend, which included the same conditions.

The evidence at trial was undisputed that the fishing venture never became profitable and that plaintiff did not compensate defendant for any part of the purchase price. Because the conditions were never satisfied, plaintiff was not entitled to become a partner with defendant at the time when the boat was destroyed. *See Salem Resources v. U.S. Consultants,* 75 Or App 249, 256, 706 P2d 970 (1985). That being so, plaintiff had no interest in the boat or its proceeds. Because he would have had no right to recover had there been no fraud, he has sustained no damage. The trial court erred in submitting the claim to the jury.

**3.** On defendant's counterclaim error is assigned to the trial court's failure to give a requested jury instruction on the burden of proof. Although the trial court properly instructed the jury that the standard of proof for fraud is by clear and convincing evidence, it failed to give defendant's requested instruction that the standard of proof for the counterclaim is by a preponderance of the evidence. Defendant's requested instruction was a correct statement of law and should have been given. *Williams et al v. Portland Gen. Elec.,* 195 Or 597,

610, 247 P2d 494 (1952). In the absence of the appropriate instruction, it is conceivable that the jury misunderstood defendant's burden.

Reversed on the fraud claim; reversed and remanded on the counterclaim.